UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PRISCILLA ROBERTS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. 15-cv-13391-ADB |
| v. | * | |
| | * | |
| SANTANDER BANK, N.A., | * | |
| | * | |
| Defendant. | * | |

<u>Memorandum and Order</u>

October 29, 2015

BURROUGHS, D.J.

Plaintiff Priscilla Roberts ("Roberts") filed a state court complaint against defendant Santander Bank, N.A. ("Santander") in Essex County Superior Court on July 21, 2015. [ECF No. 1, Exh. 1.] The Complaint was served on Santander on August 31, 2015, and Santander removed the case to this Court on September 18, 2015 on the basis of diversity jurisdiction. [ECF No. 1.] On October 16, 2015, Roberts filed a Motion to Remand. [ECF No. 7.]

In her complaint, Roberts brings several causes of action related to a deposit she allegedly made at a Santander branch location. Roberts alleges that she attempted to make a cash deposit of $103,324.00, but Santander only credited her for $13,324.00. In her Motion to Remand, Roberts argues that for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Santander, as a corporation, is a citizen of both the state in which it has been incorporated and the state where it principal place of business is located. Roberts contends that Massachusetts is the principal place of business of Santander, and, therefore, complete diversity does not exist between Santander and Roberts, a Massachusetts citizen.

In its Notice of Removal, Santander asserts that, for diversity purposes, it is only a citizen of Delaware, the location of its home office, as set forth in its articles of incorporation. Because it is a national banking association [ECF No. 1, ¶ 4], Santander is "deemed" a citizen of the state in which it is "located." 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.").[1] The Supreme Court has interpreted this statute to mean that a national bank is "located" in "the State designated in its articles of association as its main office." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006). As a result, a national bank is only a citizen of the state designated in its articles of association. See Peterson v. U.S. Bank Nat. Ass'n, 918 F. Supp. 2d 89, 99 (D. Mass. 2013) ("By statute, national banks are deemed to be citizens of the States in which they are located. . . . [T]he Supreme Court unanimously decided that for purposes of diversity jurisdiction, a national bank is a citizen only of the state in which 'its main office, as set forth in its articles of association, is located.'") (internal citations omitted); see also McLarnon v. Deutsche Bank Nat. Tr. Co., No. CIV.A. 15-11799-FDS, 2015 WL 4207127, at *3 (D. Mass. July 10, 2015) ("Deutsche Bank has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank is a citizen of California for diversity purposes."). Here, despite evidence that Santander conducts substantial business in Massachusetts, Santander is deemed to be a citizen only of Delaware, since that is the State designated in its articles of association as its main office, and therefore where it is "located" under 28 U.S.C. § 1348.

---

[1] In its Notice of Removal, Santander cites to 12 U.S.C. § 1464(x), which states the method for determining the citizenship of a "Federal savings association." Because Santander is a national banking association [ECF No. 1, ¶ 4], 28 U.S.C. § 1348 is the appropriate statute to use to determine its citizenship.

Accordingly, the Motion to Remand [ECF No. 7] is <u>DENIED</u>. There is complete diversity between plaintiff and defendant because Roberts is a citizen of Massachusetts and Santander is a citizen of Delaware.

    **SO ORDERED.**

Dated: October 29, 2015

<u>/s/ Allison D. Burroughs</u>  
ALLISON D. BURROUGHS  
U.S. District Judge
